IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MINNIE COULTER D/B/A**
**COULTER'S LIQUOR**                                                                 **PLAINTIFF**

v.                                    Case No. 4:17-cv-00119-KGB

**BANK OF THE OZARKS, INC.**                                                         **DEFENDANT**

## ORDER

Before the Court is a motion to dismiss filed by defendant Bank of the Ozarks, Inc. ("Bank of the Ozarks") (Dkt. No. 5). Also pending are plaintiff Minnie Coulter's motion to strike defendants' motion to dismiss with brief incorporated (Dkt. No. 7) and Ms. Coulter's motion for default judgment with brief incorporated (Dkt. No. 11). The Court declines to address these motions, as the Court concludes it does not have subject matter jurisdiction. Accordingly, the Court denies as moot Bank of the Ozarks' motion to dismiss (Dkt. No. 5), Ms. Coulter's motion to strike defendants' motion to dismiss with brief incorporated (Dkt. No. 7), and Ms. Coulter's motion for default judgment with brief incorporated (Dkt. No. 11). This action is dismissed without prejudice for a lack of subject matter jurisdiction.

**I.     Background**

On March 2, 2017, Ms. Coulter filed her amended complaint against Bank of the Ozarks for overdraft fees and illegally taken money out of customers' bank account and abuse of process with brief incorporated (Dkt. No. 2). Ms. Coulter, doing business as Coulter's Liquor, is a resident of Miller County, Arkansas (*Id.*, ¶ 3). Bank of the Ozarks is an Arkansas corporation. In her complaint, Ms. Coulter alleges that Bank of the Ozarks illegally took money out of Ms. Coulter's liquor bank account (*Id.*, ¶ 4). Ms. Coulter states that "Bank of the Ozarks engages in numerous practices to maximize the amount of overdraft fees Title 42 U.S.C. section 1983" (*Id.*). Ms. Coulter

states that, from May 8 to May 11, 2009, she ran several customer credit card transactions (*Id.*). Ms. Coulter further states that these transactions "showed approved and credited" and that the money should have been credited to her "Coulter's Liquor Business Account" (*Id.*). Ms. Coulter states that it appears that Bank of the Ozarks is a part of a conspiracy with "unnamed defendant" First Data Merchant Services Corporation "aiding and abetting willfully assisting in or otherwise facilitating the commission of a crime to illegally taken [sic] $25,000.00 and addition of $5000.00. out of Minnie Coulter doing business as Coulter's Liquor bank account" (*Id.*). Ms. Coulter requests relief in the amount of $25,000.00 in actual damages and $5,000.00 in punitive damages (*Id.* at 9).

On March 30, 2017, Bank of the Ozarks filed a motion to dismiss asserting that Ms. Coulter's complaint is barred by the applicable statute of limitations and that her complaint lacks facial plausibility (Dkt. No. 5, ¶ 1). Bank of the Ozarks states that Ms. Coulter's complaint purports to state a cause of action for the following claims: negligence, conversion, civil conspiracy, and possibly breach of contract (Dkt. No. 6, at 2). The statute of limitations under Arkansas law for each of these offenses ranges from three to five years. *See* Ark. Code Ann. §§ 16-56-105, 16-56-111. Because Ms. Coulter alleges that the wrongful acts taken by Bank of the Ozarks occurred in 2009, Bank of the Ozarks maintains that Ms. Coulter's claims are barred by the statute of limitations (Dkt. No. 6, at 2). In addition, Bank of the Ozarks contends that Ms. Coulter has failed to state a claim upon which relief can be granted because her complaint consists of legal conclusions (*Id.* at 3).

II.     **Subject Matter Jurisdiction**

"[A] court has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). A court should address

states that, from May 8 to May 11, 2009, she ran several customer credit card transactions (*Id.*). Ms. Coulter further states that these transactions "showed approved and credited" and that the money should have been credited to her "Coulter's Liquor Business Account" (*Id.*). Ms. Coulter states that it appears that Bank of the Ozarks is a part of a conspiracy with "unnamed defendant" First Data Merchant Services Corporation "aiding and abetting willfully assisting in or otherwise facilitating the commission of a crime to illegally taken [sic] $25,000.00 and addition of $5000.00. out of Minnie Coulter doing business as Coulter's Liquor bank account" (*Id.*). Ms. Coulter requests relief in the amount of $25,000.00 in actual damages and $5,000.00 in punitive damages (*Id.* at 9).

On March 30, 2017, Bank of the Ozarks filed a motion to dismiss asserting that Ms. Coulter's complaint is barred by the applicable statute of limitations and that her complaint lacks facial plausibility (Dkt. No. 5, ¶ 1). Bank of the Ozarks states that Ms. Coulter's complaint purports to state a cause of action for the following claims: negligence, conversion, civil conspiracy, and possibly breach of contract (Dkt. No. 6, at 2). The statute of limitations under Arkansas law for each of these offenses ranges from three to five years. *See* Ark. Code Ann. §§ 16-56-105, 16-56-111. Because Ms. Coulter alleges that the wrongful acts taken by Bank of the Ozarks occurred in 2009, Bank of the Ozarks maintains that Ms. Coulter's claims are barred by the statute of limitations (Dkt. No. 6, at 2). In addition, Bank of the Ozarks contends that Ms. Coulter has failed to state a claim upon which relief can be granted because her complaint consists of legal conclusions (*Id.* at 3).

II.     **Subject Matter Jurisdiction**

"[A] court has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). A court should address

this issue *sua sponte* when it believes that subject matter jurisdiction is lacking. *Id.* For diversity jurisdiction to be appropriate, complete diversity must exist between the plaintiff and defendant, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. Here, Ms. Coulter and Bank of the Ozarks are both residents of Arkansas, and based on the allegations in her amended complaint, Ms. Coulter has alleged that only $30,000.00 is in controversy. Accordingly, the Court does not diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Likewise, the Court does not have federal question jurisdiction. In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress conferred on the district courts original jurisdiction in cases that pose a federal question, encompassing civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). Ms. Coulter mentions several federal laws in her complaint: 12 U.S.C. § 56, 42 U.S.C. § 1983, 42 U.S.C. § 2000e-2, 42 U.S.C. § 12101, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Dkt. No. 2, ¶¶ 2, 4, 9). However, Ms. Coulter fails to plead facts related to a violation of any of these laws. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 924 (1982) (Fourteenth Amendment claims require "state action"). Accordingly, the Court concludes that it does not have federal question jurisdiction.

### III. Conclusion

The Court does not have subject matter jurisdiction over this matter. Accordingly, the Court denies as moot Bank of the Ozarks' motion to dismiss (Dkt. No. 5), Ms. Coulter's motion to strike defendants' motion to dismiss with brief incorporated (Dkt. No. 7), and Ms. Coulter's motion for default judgment with brief incorporated (Dkt. No. 11). This action is dismissed without prejudice for a lack of subject matter jurisdiction.

It is so ordered this the 18th day of December, 2017

_____
Kristine G. Baker
United States District Judge